WILLIAM J. REIDELBACH, Petitioner, v. THE DISTRICT COURT of the SIXTH JUDICIAL DISTRICT of· the State of Montana, in and for the COUNTY OF SWEET GRASS and the HONORABLE GEORGE J. ALLEN, Presiding Judge, Respondent.

No. 10567

Submitted April 17, 1963. Decided May 13, 1963.

381 P.2d 470.

Stanley P. Sorenson, Everett W. Gross (argued orally), Helena, Claude C. Gray, Big Timber, for appellant.

Donald A. Douglas (argued orally), Helena, for respondent.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This is an original proceeding. On November 29, 1961, re-

lator was charged by complaint in the justice court with a misdemeanor, trapping with untagged traps. Following a trial he was convicted and fined the sum of $25 and $5 costs. He gave notice of appeal and presented to the justice of the peace an appeal bond in the sum of $55 which the justice of the peace approved.

Approximately a year later, on February 7, 1963, the county attorney made a motion to dismiss the appeal on the grounds that the undertaking on appeal had not been filed and that the fees required to be paid by sections 25-302 and 25-303, R.C.M.1947, had not been paid. The motion came on for hearing before the district court on February 21, 1963.

On March 7, 1963, the court made and entered an order which recited that the undertaking on appeal filed by the defendant was not conditioned as required and was defective; that no further or additional undertaking had been filed or tendered for approval; that no transcript of the docket of the justice of the peace had been filed with the district court; and that the court deeming it had no jurisdiction of the appeal under the premises granted the motion to dismiss such appeal, and thereupon dismissed it.

The defendant then brought this original proceeding, and upon an ex parte hearing, an order to show cause was issued. Upon the return day, respondent court appeared in response to such order to show cause and contended that the undertaking on appeal was not conditioned as required by statute (section 94-100-35, R.C.M.1947), in that it was not in double the amount of the fine and costs; and that it failed to recite that if such appeal were dismissed judgment may be entered against the sureties. Further, that petitioner was guilty of laches by reason of not promptly paying the fees of the justice of the peace and not causing a copy of the justice court docket, pleadings, notices, motions and other papers filed in that court to be transmitted to the district court.

The only issue is whether or not the order of dismissal entered by the district court was proper.

Section 94-100-35, R.C.M.1947, provides that an undertaking on appeal must be approved by the justice. The printed form used in this instance is a regular printed form supplied by a publishing house in Montana and admittedly does not conform to the provisions of the statute. However, such bond, in form and amount, was approved by the justice of the peace and the proceedings were transmitted to the district court where, under the law, a trial *de novo* shall be had. In our view, objections to the form or sufficiency of an undertaking must be raised in the court of the original jurisdiction, in this case the justice court, and no objection having been made therein and the justice of the peace having approved the same, it cannot be raised in the appellate court as a ground for dismissal.

As to the other ground of dismissal, that the record had not been properly certified to the district court, this was the obligation of the justice of the peace. Under section 25-303, R.C.M.1947, he is allowed a fee of $1.50 for transmitting papers on appeal, and certificate, including bond and approval to the district court. The county attorney is the legal advisor of the justice of the peace (section 16-3101, R.C.M.1947), and if the proper record is not certified it would be incumbent upon the county attorney to advise the justice of the peace in the preparation of a proper record. Certainly a defendant cannot have his right to a trial deprived by the failure of officers to do their duty under the law. The fees of a justice of the peace in criminal matters are a charge against the county with the exception that his fee for issuing a search warrant is to be paid by the person demanding the same. Section 25-303, R.C.M.1947. While the duties of the justice of the peace as to transmittal of the appeal record is not spelled out in the criminal code, reference should be had to section 93-7903,

R.C.M.1947, dealing with appeals in civil cases. His duties in a criminal matter cannot be less.

The cause is remanded to the district court with directions to annul and set aside the order of dismissal of March 7, 1963, and reinstate this appeal for trial as provided by law.

MR. JUSTICES CASTLES, JOHN C. HARRISON, ADAIR and DOYLE, concur.