LAVERN CLARK, Petitioner *v.* THE DISTRICT COURT of the SIXTH JUDICIAL DISTRICT of the State of Montana, in and for the COUNTY OF SWEET GRASS and the HONORABLE GEORGE J. ALLEN, Presiding Judge, Respondent.

No. 10568

Submitted April 17, 1963. Decided May 13, 1963.

381 P.2d 472

Stanley P. Sorenson, Everett W. Gross (argued orally), Helena, Claude C. Gray, Big Timber, for petitioner.

Donald A. Douglas, (argued orally), Helena, for respondent.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This is an original proceeding. On December 30, 1961, relator was charged by complaint in the justice court with a misdemeanor, disturbing the peace. Following a trial he was convicted and fined the sum of $100. He gave notice of appeal and presented an undertaking on appeal in the sum of $200, which the justice of peace approved.

On February 7, 1963, the county attorney made a motion

to dismiss the appeal in the district court on the ground that the undertaking on appeal had not been filed and that the fees required to be paid had not been paid. This motion came on for hearing before the district court on February 21, 1963, and on March 7, 1963, the court made and entered an order which recited that the undertaking on appeal was not conditioned as required by section 94-100-35, R.C.M.1947, and was defective, that no further or additional undertaking had been filed or tendered to the court for approval; and that no transcript of the docket of the justice of the peace had been filed with the district court, and the court deeming that it had no jurisdiction of the appeal under the premises granted the motion and dismissed the appeal.

The defendant then brought this original proceeding, and upon an ex parte hearing, an order to show cause was issued. Upon the return day respondent court appeared in response to such order to show cause and contended that the undertaking was defective in that it was not conditioned as required by the statute, and that relator was guilty of laches in not promptly paying the fees of the justice of the peace and in not causing a copy of the justice court docket and other papers filed in such court to be transmitted to the district court.

The only issue is whether or not the order of dismissal entered by the district court was proper.

The situation here is like that in a companion case, Reidelbach v. Dist. Ct., 142 Mont. 52, 381 P.2d 470, this day decided, and what was said in that opinion applies with equal effect here. In view of our holding there that the order was not proper the same ruling is applicable here.

The cause is remanded to the district court with directions to annul and set aside the order of dismissal of March 7, 1963, and reinstate this appeal for trial as provided by law.

MR. JUSTICES CASTLES, JOHN C. HARRISON, ADAIR and DOYLE, concur.